**Larry TRIMBLE, Petitioner-Appellant,**

**v.**

**Leroy STYNCHCOMBE, Sheriff, Respondent-Appellee.**

**No. 73-1753**

**Summary Calendar.**\*

United States Court of Appeals, Fifth Circuit.

July 31, 1973.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

Glenn Zell, Atlanta, Ga. (Court-appointed), for petitioner-appellant.

Lewis R. Slaton, Dist. Atty., Morris H. Rosenberg, Atlanta, Ga., for respondent-appellee.

Before JOHN R. BROWN, Chief Judge, and DYER and SIMPSON, Circuit Judges.

PER CURIAM.

Trimble was convicted of rape in the Georgia State Court. Having exhausted his state remedies by appealing his conviction to the Georgia Supreme Court, Trimble v. State, 1972, 229 Ga. 399, 191 S.E.2d 857, he filed a petition for a Writ of Habeas Corpus in the district court, alleging that his conviction and sentence was unconstitutionally invalid because the trial judge placed the burden of proving alibi on Trimble when instructing the jury. The district court, while acknowledging that the instruction was error, nevertheless held that it was harmless error beyond a reasonable doubt. We reverse.

 We agree with the district court that the instructions given in Bassett v. Smith, 5 Cir.1972, 464 F.2d 347, cert. denied, 410 U.S. 991, 93 S.Ct. 1509, 36 L.Ed.2d 190 (1973) and in Smith v. Smith, 5 Cir.1971, 454 F.2d 572, cert. denied, 1972, 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141, were the same as the instruction given in this case and that it erroneously shifted the burden of proof to the accused in violation of the Fourteenth Amendment of the Constitution.

 We disagree, however, with the district court's view that the instruction given was harmless error beyond a reasonable doubt. The harmless error principle is inapplicable where, as here, the alibi instruction is wholly inconsistent with the reasonable doubt instruction. Perez v. United States, 5 Cir.1961, 297 F.2d 12. Furthermore, "The argument for 'harmless error' is somewhat difficult to digest where the denial of the right undermines a defendant's only claim to innocence. But perhaps more important, 'harmless error' should not be a determinant when a defendant has been forced to choose between two valuable constitutional rights, or has been denied the equal protection of the law." Stump v. Bennett, 8 Cir.1968, 398 F.2d 111, cert. denied, 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466.

The judgment of the district court is reversed and the case is remanded with directions to grant the petition for a Writ of Habeas Corpus, unless the State of Georgia shall, within ninety days, retry Trimble.

Reversed and remanded with directions.