## 28797. SMITH v. THE STATE.

HALL, Justice.

Defendant appeals from his conviction for murder.

1. He enumerates as error the failure to give his requested charge on the defense of insanity, and the court's actual charge on this defense. We disagree. Failure to charge in the exact language requested, where the charge given substantially covers the same principle, is not a ground for a new trial. *Jackson v. Miles,* 126 Ga. App. 320, 321 (190 SE2d 565). The court's charge on insanity covered the rule on presumption of sanity and then stated "if you find evidence which tends to rebut this presumption of sanity then before you would be authorized to convict the defendant you must be convinced beyond a reasonable doubt, first, that the defendant committed the act as charged, and second that he was mentally responsible and sane at the time of the act, and not acting under a delusion as concerning which I have previously instructed you. . . Whether the defendant killed the deceased in this case, and whether if he did, such killing was intentional and malicious, and whether he is mentally responsible for such act; committed the act, are all matters for you to determine from all the facts and circumstances of the case. The state must prove all the elements of murder as just stated to you beyond a reasonable doubt before you would be authorized to convict the defendant." The charge was not harmful to defendant under any of the various views expressed in the majority and dissenting opinions in *Grace v. State,* 231 Ga. 113 (200 SE2d 248).

2. The contention that the court erred in not charging mania or insanity caused by drug abuse or alcoholism is without merit. The court properly charged the issue of insanity and instructed the jury that they could consider any evidence and that the defendant would not be guilty if he could not distinguish between right and wrong. Furthermore, there was no evidence that the defendant was suffering from insanity caused by alcoholism.

3. The contention that the trial court's slip of the tongue in giving a portion of the insanity charge rendered the charge legally erroneous and confusing is without merit. See *Howell v. State,* 123 Ga. App. 306, 308 (180 SE2d 599).

4. The evidence was sufficient to support a verdict of guilty of murder.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 9, 1974 — DECIDED JUNE 12, 1974.

*Smith & Smith, Alfred L. Allgood, Douglas E. Smith,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Deputy Assistant Attorney General,* for appellee.