## 49900. ROGERS et al. v. THE STATE.
## 49908. BROOKS v. THE STATE.

PANNELL, Presiding Judge.

The only question presented for decision in these cases is whether the trial judge erred in overruling a motion to dismiss the charges at the close of the evidence on the grounds that the arresting officer failed to comply with the requirements of the Georgia Peace Officer Standards and Training Act, Ga. L. 1970, p. 208 et seq., (Code Ann. § 92A-2101 et seq.). Section 15 of that Act (Code Ann. § 92A-2115) provides: "Any Peace Officer so employed who does not comply with the provisions of this Act shall not be authorized to exercise the powers of law enforcement officers, generally, and particularly shall not be authorized to exercise the power of arrest, and any arrest so made shall be deemed illegal, and any proceeding under it null and void." The indictment, trial, and conviction of the defendants was not a "proceeding under" an arrest. An accusation in misdemeanor cases is based upon an affidavit. *Flanders v. State,* 9 Ga. App. 820 (72 SE 286); *Hutto v. State,* 116 Ga. App. 140 (2) (156 SE2d 498). An indictment is based upon evidence presented to a grand jury. A trial is based upon either an accusation or an indictment for state offenses. An arrest may be made either before or after an accusation is made or an indictment found by a grand jury. See in this connection Code § 27-801. Whether an arraignment before a committing magistrate is a "proceeding under" an arrest we are not called upon to decide. In cases where the commitment is irregular or illegal, see *Boatright v. State,* 10 Ga. App. 29 (1) (72 SE 599).

It is inconceivable to us that the legislature intended to absolve a man of all guilt of a crime charged merely because his arrest was illegal, as contended by the appellant, and we will not so hold. Whether or not, under the facts of the cases here, the arrest was illegal and void, we do not decide.

*Judgment affirmed. Evans and Webb, JJ., concur.*

ARGUED NOVEMBER 6, 1974 — DECIDED NOVEMBER 19, 1974 —

514

*Harold E. Martin,* for appellants.
*Edward E. McGarity, District Attorney,* for appellee.