*Scheer & Elsner, Robert A. Elsner,* for appellee.

## 49952. THOMAS v. THE STATE.

WEBB, Judge.

Defendant was tried and convicted of failing to report that he had run his automobile over a child on a bicycle, causing the child serious injuries (Code Ann. §§ 68-1623, 68-9926); and he now appeals from the order overruling his motion for new trial, enumerating that ruling as error. *Held:*

1. (a) Defendant complains in special ground 1 of the motion for new trial that the trial court erred in overruling his motion to strike the testimony of the state's witness, Craig Mallory. The ground of the motion to strike was that "his testimony shows that it is tainted with duress and coercion and fear on his part," which was based upon Mallory's testimony on cross examination that a deputy sheriff hit him on the night in question. However, as the trial court correctly ruled, the fact that the witness may have been hit by the police that night did not necessarily mean that he was under coercion at the time of trial, some seven months later. The witness testified that the concealment of his knowledge of the affair was "bothering" him and "getting on [his] nerves," prompting him to testify as he did, and that approximately a week after the incident when he made a statement to the police he was not afraid. Contrary to the assertion made in support of the motion to strike, the testimony of the witness at trial did not show that it was made out of fear. This was not a motion addressed to a coerced confession or prior statement given under duress but was one made at trial to testimony adduced at trial. Under the circumstances here, the credibility of this witness was a matter to be determined by the jury under proper instructions from the court. Code § 38-1805. Special ground 1 is without merit.

(b) The court adequately charged the jury with respect to the credibility of the witnesses, there was no

request to charge further on this subject, and special ground 6, complaining of the failure to charge further, is without merit.

2. There is ample evidence to support the verdict, and the general grounds of the motion for new trial are without merit. *Chatman v. State,* 8 Ga. App. 842 (1) (70 SE 188); *Widener v. State,* 9 Ga. App. 302 (70 SE 1119).

3. Defendant urges in special ground 8 "that the record in this case shows bias and prejudice by the state in the prosecution of this case, and that the state used unfair tactics to such an extent that the defendant was denied a fair trial and due process of law." We find no merit in this ground.

4. Special grounds 2, 5, and 7 seek to raise questions for the first time in the motion for new trial, and an attack upon the accusation is made for the first time in this court. "We have held in the past and so hold now that a party cannot sit idly by and ignore what appears to him to be an injustice, in the hope of a favorable verdict, and then complain when these hopes are denied him by an unfavorable one." *Strozier v. State,* 231 Ga. 140, 141 (1) (200 SE2d 762).

5. Special grounds 3 and 4 attack the following charge: "Alibi as a defense should be established to the reasonable satisfaction of the jury, but not necessarily beyond a reasonable doubt." While this charge is verbatim with the one approved in *Young v. State,* 225 Ga. 255, 256 (3) (167 SE2d 586), the Supreme Court has recently reversed its position and held the following charge to be constitutionally infirm and erroneous: "Alibi as a defense should be established to the reasonable satisfaction of the jury, and not beyond a reasonable doubt." *Patterson v. State,* 233 Ga. —(Decided Feb. 5, 1975.). In that case the error was not held to be reversible because defense counsel had requested the erroneous charge. That situation does not obtain here, however, and under the authority of *Patterson,* which cites with approval *Parham v. State,* 120 Ga. App. 723 (171 SE2d 911), which cited *Young* with disapproval, we hold the giving of this charge was reversible error requiring the grant of a new trial.

*Judgment reversed. Pannell, P. J., and Evans,*

*J., concur.*

SUBMITTED NOVEMBER 6, 1974 — DECIDED FEBRUARY 7, 1975.

*Carl K. Nelson, Jr.,* for appellant.
*E. L. Stephens, Jr., Solicitor, W. W. Larsen, Jr.,* for appellee.