## 50658. HUNTER v. THE STATE.

WEBB, Judge.

Thomas Larry Hunter was convicted of burglary and sentenced to ten years confinement, and he now appeals. *Held:*

1. Defendant requested that the following charge on alibi be given the jury: "The defendant, Thomas Larry Hunter, has introduced evidence on his behalf that he was not present at the scene of the commission of the alleged crime. He, therefore, has asserted the defense of alibi. In presenting his evidence of alibi, the defendant, Thomas Larry Hunter, does not assume any burden of proof. After, as well as before the evidence is presented, the burden is on the prosecution to prove beyond a reasonable doubt that when the alleged offense was committed, the defendant, Thomas Larry Hunter, was at the location of the alleged offenses' commission and that he did, in fact, participate in the commission of the alleged offense. Evidence introduced tending to prove an alibi is in rebuttal of evidence offered by the prosecution attempting to sustain charges contained in the indictment. Such alibi evidence is effective on behalf of the defendant if, when considered in connection with other evidence presented, gives rise to a reasonable doubt of his guilt of the offense charged. By entering a defense of alibi, he assumes no burden of proof. The burden remains with the State to prove its case beyond a reasonable doubt as to each and every element of the crime, including the location of the defendant at the scene of the alleged crime at the time the alleged crime was committed."

The court declined to so charge as requested, and

instead gave the following charge on alibi: "The Court charges you that an alibi involves the impossibility of the accused's presence at the scene of the alleged event at the time of its alleged commission. Any evidence whatsoever of alibi is to be considered along with all the other evidence in the case, and if a reasonable doubt of guilt be raised by the evidence as a whole, the doubt must be resolved in the favor of innocence."

Defendant enumerates error on the failure to give his written request to charge. However, the charge as given was not erroneous. "[T]he duty to instruct on alibi could be fulfilled by instructing that the evidence presented to prove alibi, considered alone or with all the other evidence, need only be sufficient to create a reasonable doubt of the defendant's guilt. This is a true and simple statement of the law. It is consistent with Georgia Code § 38-122 and could be charged in connection with it." *Parham v. State,* 120 Ga. App. 723, 727 (171 SE2d 911), followed in *Patterson v. State,* 233 Ga. 724, 729 (7) (213 SE2d 612) and *Thomas v. State,* 133 Ga. App. 893, 894 (5) (212 SE2d 648). The charge as given here does not bear the burden-shifting infirmity dealt with in *Parham, Patterson* and *Thomas,* supra, and it was approved in *Peters v. State,* 131 Ga. App. 513, 515 (6) (206 SE2d 623), citing *Paschal v. State,* 230 Ga. 859, 860 (199 SE2d 803). Accord: *Payne v. State,* 233 Ga. 294, 314 (VII) (210 SE2d 775).

And, the court elsewhere charged on the burden of proof: "Under our law, every person charged with a criminal offense is presumed innocent until proved guilty. No person shall be convicted of a crime unless each element of such crime is proved beyond a reasonable doubt. This defendant enters into the trial of this case with the presumption of innocence in his favor. This presumption remains with him throughout the trial until and unless the evidence in the case satisfies the minds of the jury that the accused is guilty of the offense as charged beyond a reasonable doubt."

We accordingly find no error in failing to give the charge in the exact language requested. "Failure to charge in the exact language requested, where the charge substantially covered the same principle, is no longer a

ground for a new trial." *Jackson v. Miles,* 126 Ga. App. 320, 321 (190 SE2d 565). *Smith v. State,* 232 Ga. 371, 372 (1) (207 SE2d 13). Accord, *Campbell v. State,* 231 Ga. 69, 79 (4) (200 SE2d 690) and cits.; *Quaid v. State,* 132 Ga. App. 478, 488 (6) (208 SE2d 336).

Enumeration number 4 is without merit.[1]

2. Enumeration of error 1 complains that "The trial court erred in overruling the appellant's motion for a mistrial and his motion for a new trial on the ground that eyewitness identifications were so tainted by the impermissibly suggestive identification procedure as to give rise to a substantial likelihood for irreparable misidentification, violating the appellant's rights under the United States Constitution and the Constitution of the State of Georgia."

The record reveals that on September 2, 1974, at approximately 7:00 p.m., Paul Durham, together with his wife Frances and son Eddie, returned to his home and saw two men coming out of a bedroom window. The intruders ran from the house towards a wooded area bordering the Durhams' property and, just before reaching the woods some 50 to 75 feet away, one of the men turned around full-faced to the Durhams and then escaped into the woods. The incident was reported to the police, and a description of this intruder, as well as the other, was given to the officers. The man who had turned was described as being approximately six feet tall, of slim build with a dark beard and long black hair, and wearing a dark blue tank-top sleeveless shirt, blue jeans, and white cotton work gloves.

After the incident was reported Officer L. E. Pirkle observed defendant walking approximately 1-1/4 miles from the Durhams' home on the night in question and testified that defendant had a long beard, was wearing blue jeans and a blue tank-top shirt, and was wet from the knees down with scratches on the upper part of his body. Detective Robbins was called to the location, observed

---

[1]Prosecuting attorneys would be well advised, however, to endeavor to have the trial court give the pattern instruction on alibi approved in *Patterson,* supra.

defendant after Officer Pirkle had taken him into custody, and his description of defendant as observed at that time was virtually identical with the one the Durhams had given.

A preliminary hearing was scheduled for September 11, 1974, but canceled later that day because defense counsel did not appear. At that time Mr. Durham observed "about four people" in a waiting room, in addition to three county policemen he did not know. He was asked at trial if any of those people had a beard, and he indicated that the defendant was the only one present at that time who had a beard. He had not been told that defendant would be present, nor did he assume that the defendant would be present. He made no presumption to this effect because "[he] didn't even know what [he] was coming over there for." Eddie Durham testified at trial that his father had said at the preliminary hearing that defendant "looked like the man that broke in" and that defendant was the only man present with a beard. The defendant's stepfather stated that the Durhams went into a separate room at the time of the hearing and that he noticed them "stare at my stepson."

At trial all three of the Durhams identified defendant as the man they saw at the edge of the woods, and it is defendant's apparent contention that the in-court identifications were tainted by the encounter at the preliminary hearing. However, defendant was not pointed out to these witnesses at that time; they had ample prior opportunity to observe the defendant at the scene of the crime; the descriptions given to the investigating officers were consistent with each other and with the descriptions of defendant at the time of his arrest; and the witnesses were not shown any photographs of the defendant. It is our view, therefore, that the in-court identifications were based upon the Durhams' view of the defendant at the scene of the crime and were not impermissibly tainted. Simmons v. United States, 390 U. S. 377 (88 SC 967, 19 LE2d 1247); Payne v. State, 233 Ga. 294, 297 (II), supra; Puckett v. State, 233 Ga. 449 (211 SE2d 740); Anderson v. State, 233 Ga. 464 (21 SE2d 754); Davis v. State, 233 Ga. 847 (213 SE2d 695); Code v. State, 234 Ga. 90; Moye v. State, 122 Ga. App. 14, 16 (1) (176

SE2d 180); *Reed v. State,* 134 Ga. App. 47, 48 (2) (213 SE2d 147).

Enumeration 1 is without merit.

3. Enumeration 2 complains of the court's sustaining of the prosecution's objection to a question asked by defense counsel. However, the ruling was acquiesced in and the question was specifically withdrawn, and no reversible error appears. *Upshaw v. Cooper,* 127 Ga. App. 690 (1) (194 SE2d 618).

4. Defendant complains in enumeration 3 of the court's failure to charge a written request on eyewitness identification. However, the request begins as follows: "No class of testimony is more uncertain and less to be relied upon than that to identify and therefore any identification testimony must be considered with great caution. One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime." The request thus suggested the comparative weight to be attached to the evidence, emphasized a particular issue, and was argumentative. *Smalls v. State,* 6 Ga. App. 502 (1) (65 SE 295); *Raines v. State,* 73 Ga. App. 177 (36 SE2d 64). Accordingly it was properly refused. *Bowers v. Fulton County,* 221 Ga. 731, 740 (4) (146 SE2d 884); *Hall v. State,* 180 Ga. 46 (2) (178 SE 292).

*Judgment affirmed. Bell, C. J., and Marshall, J., concur.*

ARGUED MAY 6, 1975 — DECIDED MAY 23, 1975 — REHEARING DENIED JUNE 18, 1975 — ■

*Clarence F. Seeliger,* for appellant.

*Edward E. McGarity, District Attorney, Kenneth R. Waldrep, Assistant District Attorney,* for appellee.