## 52461. BLACKWELL v. THE STATE.

WEBB, Judge.

The accused, Robert Lee Blackwell, was convicted of selling heroin in violation of the Georgia Controlled Substances Act. His motion for new trial was denied, and his appeal to this court asserts that (1) the trial court erred in denying his motion for new trial on the general grounds; (2) the identification of the accused as the perpetrator of the crime is without evidence to support it; (3) there was an unreasonable delay between the alleged offense and the time of arrest, thus violating due process, and (4) the trial court erred in failing to properly charge as to the state's burden created by the affirmative defense of alibi, once alibi was established by the accused.

1. The trial court did not err in overruling the general grounds. If the trial court overrules the general grounds, this court considers only the sufficiency of the evidence, not the weight of the evidence. "The weight of the evidence was considered by the jury at the trial and by the trial judge in ruling upon the general grounds." *Ridley v. State,* 236 Ga. 147, 149 (223 SE2d 131); *Minor v. State,* 139 Ga. App. 168.

There was evidence to authorize the jury to find the

accused guilty, and the evidence supports the verdict. "On appeals from findings of guilt, the presumption ·of innocence no longer prevails, the fact finders have determined the credibility of witnesses, the fact finders have been convinced beyond a reasonable doubt, and the appellate courts review the evidence only to determine if there is any evidence sufficient to authorize the fact finder to return the verdict of guilty." *Ridley v. State,* 236 Ga. 147, 149, supra; *Green v. State,* 123 Ga. App. 286, 287 (3) (180 SE2d 564).

2. There is no merit in the contention that the identification of the accused was without evidence to support it. Detective Holmes who made the purchase of six bags of heroin from Blackwell and his brother positively identified in court the accused as being the person from whom he made the purchase. He said that at the time of the purchase he did not know the accused's full name, and that by looking at some pictures he determined "Doc" Blackwell to be Robert Lee Blackwell. Detective Holmes further testified, "I saw the defendant, like I say, when I first drove up I observed this defendant walking on the side, or out front of the building on the side of the building, whatever the case may be, side facing the street I saw him. Then I saw him when he walked in front of the Volkswagen going to the passenger side. He was leaning in the window on the passenger side. I saw him then and I saw him again as we got ready to leave." The in-court identification was based upon Detective Holmes' view of the defendant at the scene of the crime and was not impermissibly tainted. *Hunter v. State,* 135 Ga. App. 172, 175 (2) (217 SE2d 172), and cits.

3. Blackwell's third enumeration of error is that there was an unreasonable delay between the alleged offense and the time of the arrest, thus violating the due process clause of the Constitution. The crime occurred on June 4, the indictment was returned by the grand jury on August 19, Blackwell was arrested on September 3, and he was tried on October 20 and 21.

"There is no constitutional right to be arrested." Hoffa v. United States, 385 U. S. 293, 310 (87 SC 408, 17 LE2d 374) (1966); *Johnson v. State,* 128 Ga. App. 69 (195 SE2d 676). An arrest may be made either before or after

an indictment. *Rogers v. State,* 133 Ga. App. 513 (211 SE2d 373). Blackwell had no constitutional right to be arrested earlier than he was (Koran v. United States (CCA 5th, 1972), 469 F2d 1071(2)), and we are unaware of any right he had to be arrested at a particular time. United States v. Berkowitz (CCA 1st, 1970) 429 F2d 921, 926.

The indictment approximately two and one-half months after the commission of the crime cannot be termed unreasonable so as to deny a speedy trial. The primary safeguard against an excessive delay is the statute of limitation. See United States v. Judice (CCA 5th, 1972), 457 F2d 414, 415 and 6A CJS Arrest § 51. If the delay is such as to impair the capacity of the accused to prepare his defense, the effect thereof may acquire constitutional dimensions. The accused, however, bears the burden of showing prejudice, and he has failed to do so here. Blackwell was vigorously represented by competent counsel at trial and there is no indication there that counsel was unable to adequately prepare his client's defense because of any alleged delay. Blackwell's defense was alibi, and in addition to his own testimony he produced four witnesses to support his claim. The jury believed the detective. This alleged error is without merit.

4. Blackwell's fourth enumeration of error is that the trial court failed to charge as to the state's burden created by the affirmative defense of alibi. We do not agree. The charge was substantially the same charge, almost verbatim, approved by the seven Justices of the Supreme Court in *Patterson v. State,* 233 Ga. 724, 730 (213 SE2d 612). It correctly recited that presence of the defendant at the scene of crime is an essential element of the crime set forth in the indictment, and the burden of proof of such issue rested upon the state.

*Judgment affirmed. Deen, P. J., and Quillian, J., concur.*

SUBMITTED JULY 15, 1976 — DECIDED SEPTEMBER 7, 1976.

*Robert C. Ray,* for appellant.
*Lewis R. Slaton, District Attorney, H. Allen Moye,*

*Assistant District Attorney,* for appellee.