### 53469. JACKSON v. THE STATE.

SUBMITTED FEBRUARY 16, 1977 — DECIDED FEBRUARY 24, 1977 — REHEARING DENIED MARCH 11, 1977.

*Reuben A. Garland,* for appellant.
*Walker P. Johnson, Jr., District Attorney, Charles H. Weston, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.

1. The appellant objects to the following charge: "I charge you ladies and gentlemen that alibi as a defense

involves a denial of guilt and the impossibility of the accused's presence at the scene of the offense at the time of its commission. Evidence as to alibi should be considered by the jury in connection with all other evidence in the case. If, on considering the evidence as a whole, the jury should entertain a reasonable doubt as to the guilt of the accused, it would thus be their duty to acquit." The appellant urges that even though the trial judge's instructions also contained a general "burden of proof" charge, a charge reiterating the state's burden of proving the presence of the appellant at the scene of the alleged crime should have been given.

A charge of alibi substantially similar to that here objected to was approved in *Hunter v. State,* 135 Ga. App. 172, 173 (217 SE2d 172), the court specifically rejecting the argument that the appellant in the case sub judice has advanced. The charge as given was a correct statement of the law of alibi, was not burden-shifting and was complete. There was no error.

2. Upon cross examination of a state's witness the appellant sought to identify a confidential informant. The state objected to the witness supplying the name in the open courtroom but offered to provide the appellant with the name otherwise. The judge sustained the objection. When the appellant persisted in questioning the witness as to the informant's identity, the judge said: "Now, Mr. Harmon, I think you know that is not admissible. It is within the discretion of this Court. It is certainly not admissible. Protection of these kind of people is vital." The record clearly reveals that the colloquy between the judge and the attorneys for the appellant and the state was limited to the admissibility of evidence and was not improper. *Adams v. State,* 171 Ga. 90, 92 (154 SE 700). In no way can this colloquy be found to have abridged the appellant's right to a fair trial.

*Judgment affirmed. Webb and Marshall, JJ., concur.*