Albert A. POOLE, Petitioner-Appellant,

v.

STATE OF GEORGIA, Respondent-Appellee.

No. 76–3821
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 2, 1977.

---

* Rule 18, 5 Cir.; *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

Albert A. Poole, pro se.

Arthur K. Bolton, Atty. Gen. of Ga., John W. Dunsmore, Jr., Asst. Atty. Gen., Robert S. Stubbs, II, Chief Deputy Atty. Gen., Richard L. Chambers, Deputy Atty. Gen., John C. Walden, Senior Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

After a jury trial, which resulted in a verdict of guilty, appellant, Albert A. Poole, was sentenced on June 22, 1973 to fifteen years in prison by the Superior Court of Lowndes County, Georgia, for the offense of burglary.

After sufficiently exhausting his remedies in the state courts of Georgia, Poole filed this habeas corpus petition in federal court, asserting that the trial court's alibi charge violated due process by placing the burden of proof on Poole. The charge did not shift the burden of proof nor render Poole's trial constitutionally unfair.

The trial judge charged the jury on the issue of burden of proof and alibi as follows:

Now, under our law, everyone is presumed to be innocent until proven guilty. The law says that every person enters upon the trial of a case with a presumption of innocence in his favor, and that, that presumption surrounds him and protects him until it is overcome by the State, with evidence from the witness stand, and which is sufficient to convince you beyond a reasonable doubt as to the guilt of the Accused. Our law says that no person shall be convicted of any crime unless and until each element of the crime is proven to the satisfaction of the Jury, and beyond a reasonable doubt.

Now, the object of all legal investigation is the discovery of the truth, and the burden of proof rests upon the State to prove every material allegation of the indictment beyond a reasonable doubt.

However, the State is not required to prove the guilt of the Defendant beyond all doubt. Moral and reasonable certainty is all that can be expected in a legal investigation, and a reasonable doubt means just what it says. It is a doubt of a fair-minded, impartial Juror, honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague, or arbitrary, or capricious doubt, but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence, the defendant's statement.

Now, if after giving consideration to all the facts and circumstances of this case, giving the defendant's statement such weight and credit as you think it is entitled to receive, your minds are wavering, unsettled, unsatisfied, then that is a doubt of the law, and you should acquit the Defendant; but, if that doubt does not exist in your minds as to the guilt of the Defendant, then you would be authorized to convict the Defendant.

Now, Gentlemen, under our law, in all criminal trials in this state the accused shall have the right to make such statement in the case to the court and jury as he may deem proper in his defense. It shall not be under oath and shall have such force and weight only as you members of the jury think right to give it. You may, if you care to do so, believe it in preference to the sworn testimony in the case.

\*    \*    \*    \*    \*    \*

Now, members of the jury, the defendant sets up as a defense in this case what the law terms an alibi. He claims that he was not present, but was elsewhere when the alleged offense, if any, was committed. Alibi is a defense involving the impossibility of the defendant's presence at the scene of the alleged offense at the

time of the alleged commission of the offense, and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude the possibility of his presence at the scene of the alleged offense at the time of the commission thereof, if any.

Now, any evidence of alibi is to be considered on the general case with the rest of the evidence and the defendant's statement, and, if a reasonable doubt of guilt is raised by the evidence as a whole, the doubt must be resolved in favor of the innocence of the accused.

No objection was made to this portion of the charge. The question is whether the following words in the charge, read in context of the whole charge, unconstitutionally shifted the burden of proof to defendant: ". . . and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude the possibility of his presence at the scene of the alleged offense at the time of the commission thereof, if any."

Prior cases have held certain Georgia alibi charges to be unconstitutional. In *Smith v. Smith,* 454 F.2d 572 (5th Cir. 1971), *cert. denied,* 409 U.S. 885, 93 S.Ct. 99, 34 L.Ed.2d 141 (1972), the charge contained the following language:

Alibi as a defense must be established to the reasonable satisfaction of the jury and must be such as reasonably to exclude the possibility of the presence of the defendant at the scene of the offense at the time of its commission. When so established to the reasonable satisfaction of the jury, the jury should acquit.

\* \* \* \* \* \*

[T]he onus is on the accused to verify his alleged alibi, not beyond reasonable doubt, but to the reasonable satisfaction of the jury.

454 F.2d at 573. We held this language placed an unconstitutional burden of proof on the defendant.

This decision was given retroactive effect in *Bassett v. Smith,* 464 F.2d 347 (5th Cir. 1972), *cert. denied,* 410 U.S. 991, 93 S.Ct. 1509, 36 L.Ed.2d 190 (1973). As to the language of the charge, the Court said:

That portion of the charge which Bassett attacks is as follows:

The burden is on the accused to establish his alibi, not beyond a reasonable doubt, but to the reasonable satisfaction of the jury. If the showing as to alibi introduced in this case has established to your reasonable satisfaction that the defendant was elsewhere when the alleged crime was committed, if one was committed, it would be your duty to acquit the defendant.

The charge given at Bassett's trial was virtually indistinguishable from the charge condemned in *Smith.*

464 F.2d at 348.

Thereafter in *Trimble v. Stynchcombe,* 481 F.2d 1175 (5th Cir. 1973), we held that the same instruction as given in *Smith* and *Bassett* could not be harmless error beyond a reasonable doubt.

In our judgment, the language of the charge in this case did not place the burden of proof on the defendant. Unlike the charge in *Smith,* the language does not put the onus on the defendant to prove anything. Read in context with the rest of the charge, we cannot say that the instruction inferentially put the burden of proof on the defendant. Read as a whole, the court's charge did not render the trial constitutionally unfair. By this decision, we do not recede from *Smith, Bassett,* and *Trimble.* In those cases the burden was clearly placed on defendant. The question there was whether that rendered the convictions unconstitutional. Where the burden was not placed on defendant, those cases do not apply.

The district court, analyzing our prior cases, denied habeas corpus relief, saying:

In the present case, the charge was not ambiguous or contradictory. The trial judge carefully charged, with respect to alibi, that any evidence of alibi should be considered on the general case, under the reasonable doubt standard. He did not instruct the jury that any burden of proof was placed on petitioner to prove

his alibi. Furthermore, the language found offensive in the cases cited above was lacking from this charge. He did charge that, in order for alibi to be established, the evidence must be sufficiently strong to exclude the possibility of petitioner's presence at the scene of the crime. While this language verges on placing some burden, by implication, on petitioner, it is the opinion of this Court that the language immediately following, dealing with the weight to be given evidence of alibi, removed any uncertainty or ambiguity which might have been created. *But see Dixon v. Hopper,* 407 F.Supp. 58 (M.D.Ga.1976).

In short, this charge did not offend due process. It did not "create the possibility that the jury might misapprehend the proper burden." *Bassett v. Smith,* 464 F.2d 347, 351 (5th Cir. 1972).

The district court properly analyzed this charge in light of our prior decisions.[1]

AFFIRMED.

1. Since our decisions in *Smith* and *Bassett,* the trial judges of Georgia have addressed the task of further developing instructions on an alibi defense. In June, 1973, the Council of Superior Court Judges of Georgia appointed a Committee on Pattern Jury Instructions. The Committee's suggested instructions for criminal cases first appeared in August, 1975, and are subject to revision from time to time. Without any sense passing upon its propriety, we invite attention to the suggested instruction on an alibi defense, Pattern Instruction # 27, page 40, *Jury Instructions—Criminal* :

27.  *ALIBI*

Now, the defendant in this case contends that he was not present at the scene of the offense at the time of its commission. In that connection I charge you that alibi as a defense involves the impossibility of the accused's presence at the scene of the offense at the time of its commission. Presence of the defendant at the scene of the crime(s) set forth in this indictment, and the burden of proof as to such issue rests upon the state as I have instructed you already.

Any evidence in the nature of an alibi should be considered by the jury in connection with all other facts in the case, and if, in doing so, the jury should entertain a reasonable doubt as to the guilt of the accused, they should acquit.