## 54230. CARROLL v. THE STATE.

BIRDSONG, Judge.

Appellant was convicted, in a jury trial, of aggravated assault and kidnapping, and sentenced to ten and fifteen years, to run concurrently. Four enumerations of error are raised, of which three are based upon the sufficiency of the evidence and one upon allegedly inflammatory remarks made during the state's closing argument. *Held:*

1. Appellant's attack upon the sufficiency of the evidence to support conviction on either the assault or the kidnapping charge is without merit. The victim testified that appellant forced him, with a gun as well as what purported to be an explosive device, from a store room into his office, and ultimately, to a bank from which he could withdraw his savings. We may not speculate as to what evidence the jury chose to believe or disbelieve, the jury being the final arbiter. *Sims v. State,* 137 Ga. App. 264 (223 SE2d 468) (1976); *Mills v. State,* 137 Ga. App. 305 (223 SE2d 498) (1976). After the verdict is approved by the trial judge, the evidence must be construed so as to uphold

the verdict even where there are discrepancies. *Smith v. Hornbuckle,* 140 Ga. App. 871 (232 SE2d 149) (1977). On this record, we are not disposed to overturn the jury's decision.

Integral to appellant's first enumeration of error (refusal to grant motion for new trial) is the assertion that appellant's sentence is oppressive and contrary to the laws of the State of Georgia. The sentences given were plainly within the period prescribed by statute (Code Ann. §§ 26-1302 (Ga. L. 1968, pp. 1249, 1280); 26-1311 (Ga. L. 1968, pp. 1249, 1282)). " 'If the sentence of the court is within the limits prescribed by law for the offense charged, this court has no jurisdiction to review the sentence or the court's refusal to reduce it.' " *Anderson v. State,* 129 Ga. App. 1 (198 SE2d 329) (1974); *Jackson v. State,* 142 Ga. App. 565 (1977). Therefore, this contention is without merit.

2. Appellant urges that the trial court committed reversible error in overruling an objection to the state's closing argument, a portion of which was addressed to the media exposure given to bomb threats. The state was attempting to illustrate the coercive effect the appellant's purported bomb would have upon his victim; such an illustration was clearly within permissible bounds. See *Quaid v. State,* 132 Ga. App. 478, 485 (208 SE2d 336) (1974); *Bryan v. State,* 137 Ga. App. 169, 174 (223 SE2d 219) (1976).

Appellant's second enumeration is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

Argued July 7, 1977 — Decided September 8, 1977.

*Drew & Jones, James B. Drew, Jr., Don M. Jones,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. David Petersen, Assistant District Attorneys,* for appellee.