## 57587. BANKSTON v. THE STATE.

CARLEY, Judge.

The appellant appeals from his conviction of aggravated assault and kidnapping. We affirm.

1. Appellant raises the general grounds in his first enumeration of error. The evidence shows, and the jury was authorized to find, that the appellant accosted the victim with a knife, forced his way into her car and compelled her at knifepoint to drive several blocks before she escaped. In passing upon the general grounds enumerated on appeal, this court can determine only the sufficiency of the evidence to support the verdict. The weight of the evidence is for the jury. *Raymond v. State,* 146 Ga. App. 452 (246 SE2d 461) (1978). After the verdict, the trial judge overruled appellant's motion for new trial which included the general grounds. ". . . [A]fter the verdict is approved by the trial court, the evidence must be

construed so as to uphold the verdict even where there are discrepancies." *Bradham v. State,* 148 Ga. App. 89 (1) (250 SE2d 801) (1978). We find that the evidence was sufficient to authorize the verdict of guilty in this case. *Carroll v. State,* 143 Ga. App. 230 (1) (237 SE2d 703) (1977).

2. The jury was charged on the defense of alibi in language substantially similar to that approved in *Hunter v. State,* 135 Ga. App. 172 (1) (217 SE2d 172) (1975). Appellant contends, however, that it was error to fail to include in that charge words to the following effect: "If the defense of alibi is established to the reasonable satisfaction of the jury, it would be your duty to acquit." While there are cases which hold that inclusion of such language in a charge on alibi is not erroneous (*Thornton v. State,* 226 Ga. 837 (3) (178 SE2d 193) (1970); *Smith v. Hightower,* 227 Ga. 144 (179 SE2d 242) (1971); *Trimble v. State,* 229 Ga. 399 (191 SE2d 857) (1972)), it is now clear that such a charge, if given, erroneously shifts the burden of proof to the defendant in a criminal case. *Patterson v. State,* 233 Ga. 724 (7) (213 SE2d 612) (1975). Thus this enumeration of error is without merit. See generally *Jackson v. State,* 141 Ga. App. 567 (1) (234 SE2d 94) (1977).

3. After the jury. had deliberated for several hours without reaching a verdict, the court gave the so-called "dynamite" or "Allen" charge. See Allen v. United States, 164 U. S. 492 (17 SC 154, 41 LE 528). The appellant urges that the charge was erroneous because it did not include the statement that no juror is required to surrender his or her opinion because of the honest different opinion with another juror or other jurors, for the purpose of reaching a unanimous verdict. *Greeson v. State,* 138 Ga. App. 572 (3) (226 SE2d 769) (1976).

However, the holding in *Greeson* that the "Allen" charge must include cautionary words to the jurors not to surrender their conscientious convictions has been reversed by the Supreme Court. *State v. Greeson,* 237 Ga. 193 (227 SE2d 324) (1976). See *Greeson v. State,* 139 Ga. App. 767 (229 SE2d 547) (1976). Therefore, as the charge in the instant case is almost identical to that approved in *Spaulding v. State,* 232 Ga. 411 (4) (207 SE2d 43) (1974), this enumeration is without merit. See generally *Wilson*

*v. State,* 145 Ga. App. 315 (4c) (244 SE2d 355) (1978).
    *Judgment affirmed. Banke,` P. J., and Underwood,
J., concur.*

SUBMITTED APRIL 9, 1979 — DECIDED APRIL 30, 1979.

*Stephen M. Friedberg,* for appellant.
    *Lewis R. Slaton, District Attorney, Joseph J. Drolet,
H. Allen Moye, Assistant District Attorneys,* for appellee.