Darryl Leroy FRYE, Appellant,

v.

Raymond K. PROCUNIER,
Director, Appellee.

No. 84–6043.

United States Court of Appeals,
Fourth Circuit.

Argued May 10, 1984.

Decided Oct. 18, 1984.

Murnaghan, Circuit Judge, filed concurring opinion.

Russell Williams, Third Year Law Student (Robert E. Shepherd, Jr., Richmond, Va., on brief) for appellant.

Jacqueline G. Epps, Sr. Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellee.

Before WIDENER, HALL and MURNAGHAN, Circuit Judges.

WIDENER, Circuit Judge.

Darryl Leroy Frye, having exhausted state remedies, appeals the denial of his application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He was convicted in a state court in Virginia of two counts of malicious wounding, robbery and use of a firearm during the commission of a felony.

On August 19, 1980, Russell's Store in Louisa County, Virginia was robbed by armed men. During the robbery, both Mrs. Ida Mae Russell, the 84 year old former owner of the store and Mrs. Anita Powell, a store employee, were shot and wounded. Frye, among others, was arrested and charged with the robbery.

At Frye's trial, the Commonwealth presented John Burnley, a co-defendant in the robbery, to testify pursuant to a plea agreement. Burnley was the driver of the car used in the robbery and testified regarding Frye's involvement in the robbery and shootings. Mrs. Powell identified Frye as one of the men who robbed the store and shot her and Mrs. Russell.

Frye relied upon an alibi defense at trial, which the evidence of the Commonwealth did not suggest. He testified on his own behalf denying involvement in the robbery and stating that he was in Richmond at the time of the robbery. Frye's girlfriend testified and corroborated his story. He also introduced the records of the Richmond Motel showing that he was a registered guest of the motel on the day of the robbery.

Frye's attorney requested a jury instruction on alibi. The trial court so charged the jury using the instruction submitted by defense counsel. That instruction read:

> The court instructs the jury that the defendant need not prove his alibi beyond a reasonable doubt or even by a preponderance of the evidence. The defendant must only introduce evidence which, when considered with the whole evidence, creates a reasonable doubt regarding his guilt. If, after considering all the evidence, you have a reasonable doubt that the defendant was present at the time and place the alleged offenses were committed, you shall find him not guilty of all offenses.

In his habeas corpus petition Frye contends that he was denied effective assistance of counsel because his attorney did not object[1] to the alibi instruction as being burden shifting. In denying his petition the district court found that the alibi instruction did not impermissibly shift the

---

1. As previously noted, defense counsel requested the particular alibi instruction given.

burden of proof to Frye. It concluded that Frye was not required to prove anything, but only present evidence of alibi. Because the instruction itself was good, it reasoned, defense counsel was not ineffective in not objecting to it.

Frye appeals contending that his due process rights under the Fourteenth Amendment were violated by the alibi instruction because it impermissibly shifted the burden of proof to him. Additionally, he claims that his Sixth Amendment right to effective assistance of counsel was violated because his attorney did not object to the alibi charge. We assume for the purposes of this appeal that *Reed v. Ross*, —— U.S. ——, 104 S.Ct. 2901, 82 L.Ed.2d 1 (1984) tells us to consider Frye's Fourteenth Amendment claim on its merits. Although Frye's counsel did not object to the alibi instruction at trial, the authority upon which he now relies to support his due process claim, *Adkins v. Bordenkircher, infra*, was not decided until a year after Frye's conviction.

In *Adkins v. Bordenkircher*, 674 F.2d 279 (4th Cir.1982) this court struck down an alibi instruction which read:

> The Court instructs the jury that where the state has established a prima facie case and the defendant relies upon the defense of alibi, the burden is upon him to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the accused.

■ In reviewing this instruction, the court was mindful of the long established requirement that the prosecution must prove every element of the crime charged beyond a reasonable doubt. *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). An instruction that places part of this burden upon a criminal defendant is invalid. A defendant can be

required, however, to prove the affirmative defenses that he asserts. *Patterson v. New York*, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).

The *Adkins* court concluded that alibi was not an affirmative defense since it negates every fact that the state is required to prove. Therefore no burden of persuasion could be placed upon the defendant to prove alibi to the jury's satisfaction.

■ No such burden was placed on Frye by the instruction under review here. The instruction does no more than tell the jury that if the evidence of alibi, voluntarily introduced by Frye to raise the issue,[2] when considered with the whole evidence, creates a reasonable doubt as to his presence at the time and place, then they must acquit. It is no more than a comment on the weight of evidence and has nothing to do with burden of proof or introduction of evidence. It would be difficult to phrase a more favorable instruction from the point of view of a defense attorney, either before or after *Adkins*. It is axiomatic that if a criminal defendant asserts an alibi, or any other defense, there must be some evidence in support of that defense to support any instruction. See *United States v. Williams*, 605 F.2d 557 (4th Cir.1979). Such alibi evidence is then considered along with all the other evidence at trial. If after such consideration the jury concludes that a reasonable doubt exists, it must acquit the defendant. No burden is ever placed upon the defendant. In contrast, the invalid instruction in *Adkins* by its very language placed the "burden ... upon [the defendant] to prove [alibi]."

We think the instruction here is comparable to, but more favorable to the defendant than, the one approved in *Poole v. State of Georgia*, 551 F.2d 683 (5th Cir.1977). There the jury was told that:

> Alibi is a defense involving the impossibility of the defendant's presence at the scene of the alleged offense at the time of the alleged commission of the offense,

2. Frye introduced the evidence of alibi which was not suggested by the evidence introduced by the Commonwealth. He was required to

introduce nothing, and could have left the matter alone, should he have been so advised.

**1014**

and the range of evidence or showing in respect to time and place must be sufficiently strong to exclude the possibility of his presence at the scene of the alleged offense at the time of the commission thereof, if any.

Now, any evidence of alibi is to be considered on the general case with the rest of the evidence and the defendant's statement, and, if a reasonable doubt of guilt is raised by the evidence as a whole, the doubt must be resolved in favor of the innocence of the accused.

*Poole* at 685.

The *Poole* court found that no burden was placed upon the defendant in the alibi charge given. It also concluded that due process was not violated because the charge did not "create the possibility that the jury might misapprehend the proper burden." Id. at 686.

As in *Poole* the jury in this case was instructed to consider all of the evidence and if it then had a reasonable doubt, it must acquit the defendant. As did not the *Poole* court, we also do not read the charge in question as creating any confusion as to the proper burden to be applied by the jury.

Because we find no constitutional error in the trial court's alibi instruction, Frye's contention that his counsel was ineffective for not objecting to that instruction must fail.

The judgment of the district court is accordingly

AFFIRMED.

MURNAGHAN, Circuit Judge, concurring:

I concur specially because my route to decision differs materially from that of my panel colleagues. To attempt a distinction between the charge in the instant case and the instruction in *Adkins v. Bordenkircher*, 674 F.2d 279 (4th Cir.1982), *cert. denied*, 459 U.S. 853, 878, 103 S.Ct. 119, 173, 74 L.Ed.2d 104, 142 (1982), is, in my view, futile. One, in the language devoted to alibi, requires the defendant to "introduce evidence which ... creates a reasonable doubt regarding his guilt." The other imposes a burden on the defendant to prove alibi "to such a degree ... as will ... create ... a reasonable doubt...." [1]

My concurrence, therefore, rests only on the circumstance that *Adkins v. Bordenkircher* was decided *after* Frye was tried, at a time when the instruction was generally thought to be correct. *See* 1 M. Doubles, E. Emroch, & R. Mehrige, *Virginia Practice-Virginia Jury Instructions* § 106.02 (1964 & Supp.1984).

In the decision in *Honeycutt v. Mahoney*, 698 F.2d 213 (4th Cir.1983), the Court, over my dissent, held that failure of counsel to object to an instruction "shifting the burden of proof onto the defendant" was not ineffective assistance of counsel since neither the Supreme Court nor the Fourth Circuit had yet considered the issue. The prior outlawing of the instruction by the First Circuit in *Mullaney v. Wilbur*, 473 F.2d 943 (1st Cir.1973) [2] was held not to have made it incumbent on defense counsel to anticipate the possibility of a favorable result at the Supreme Court level and, at least, to preserve the point pending the Supreme Court's decision.

With that decision binding me, I am foreclosed from asserting that the lessons of *In*

1. The significance of the fact that defense counsel proposed the instruction lies only in its indication of what the general practice was at the time of the trial and, consequently, of counsel's innocence of the charge of ineffective assistance of counsel. His proposal of the instruction does not independently operate to deny the grant of the writ, for counsel's having done, or having failed to do, the thing complained of is the *sine qua non* of an ineffective assistance of counsel claim. For counsel to have proffered the instruction before us in the case we are called upon to decide *following* decision on March 24, 1982 of *Adkins v. Bordenkircher* would, I submit, plainly amount to ineffective assistance. With respect, I regard the attempted distinction between the two charges as a paradigmatic effort "to split a hair 'twixt south and southwest side."

2. The Supreme Court affirmed in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).

*re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) and *Mullaney v. Wilbur, supra,* were sufficient to alert reasonably competent counsel to the desirability of objecting to a charge such as the one which confronts us here and of constructing a charge more favorable to the defendant. Left to my own devices, I would hold that the impropriety of the charge was plainly perceptible in the light of *In re Winship* and *Mullaney v. Wilbur,* and simply outlined in even starker relief by the holding in *Adkins v. Bordenkircher.*

However, at the panel level, at any rate, I am not free to disregard the holding in *Honeycutt v. Mahoney,* and on that basis I rest my concurrence.

Sprouse, Circuit Judge, filed concurring opinion.