41 F.3d 1504
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Allen BROWN, Defendant-Appellant.
 No. 93-5835.
 United States Court of Appeals, Fourth Circuit.
 Submitted October 31, 1994.
Decided November 18, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. John R. Hargrove, Senior District Judge. (CR-93-65-HAR)
 Mark Anthony Kozlowski, Eccleston & Wolf, Baltimore, MD, for appellant. Lynne A. Battaglia, U.S. Atty., Robert M. Thomas, Jr., Asst. U.S. Atty., Baltimore, MD, for appellee.
 D.Md.
 AFFIRMED.
 Before HAMILTON and WILLIAMS, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 Following a jury trial, Michael Allen Brown was convicted on counts of aiding and abetting and bank robbery, 18 U.S.C.A. Sec. 2113(a), (f) (West Supp.1994), and 18 U.S.C. Sec. 2 (1988). He appeals, claiming his conviction should be reversed due to an improper jury instruction, improper denial of his request for a pre-trial examination of a witness, and ineffective assistance of counsel. We find that his first two claims lack merit and decline to consider his ineffective assistance claim; consequently, we affirm.
 
 
 2
 On June 6, 1991, Donald Leander Curtis robbed a Signet Bank in Pasadena, Maryland. He handed teller Kathleen Solano a note which read "Please I'M armed--just place all 50s and 20s on the counter NOW!" The robbery was recorded by bank surveillance cameras. Curtis later pled guilty to committing the robbery. While Curtis was in jail on state charges, the Signet Bank was robbed again on July 3, 1991. This time, a dark complected black male wearing sunglasses, a cap, and a towel around his neck approached teller Allison Johnson. He handed her a note which read "Don't make me start shooting! Put 100s, 50s, 20s bills on the counter! QUICKLY! " He fled with the money the teller gave him. Again the robbery was recorded by bank surveillance cameras.
 
 
 3
 Johnson later identified Brown from a photographic array as the man who robbed her. A grand jury indicted Brown with aiding and abetting Curtis in the June 6 robbery and committing the July 3 robbery, in violation of 18 U.S.C.A. Sec. 2113(a), (f); 18 U.S.C. Sec. 2. At his trial, Brown denied any involvement in the robberies. The government presented evidence implicating Brown in both crimes.
 
 
 4
 Pursuant to a plea agreement, Curtis testified against Brown, stating that Brown had written the demand note and driven the getaway car for the June 6 robbery. Immediately after the robbery, they went to the Maryland National Bank to get a money order. According to the government, evidence introduced at the trial placed Brown at the same Maryland National Bank shortly after the July 3 robbery where he again obtained a money order. Curtis also said that Brown visited him in jail and admitted robbing the Signet Bank on July 3. Fingerprint experts found Brown's fingerprints on the June 6 demand note.
 
 
 5
 A jury found Brown guilty on both counts. Brown timely appealed. After Brown filed his notice of appeal, his trial attorney withdrew from the case.
 
 A. Jury Instructions
 
 6
 On appeal, Brown charges that the district court committed reversible error based on the following jury instruction:
 
 
 7
 Those are the two counts [aiding and abetting and bank robbery] of the indictment which you are charged with making a decision on today.
 
 
 8
 As you heard from the government and the defendant your decision is--I guess they made it rather simple one for you to make the decision. The defendant says he was not there and the government says he was. And, and when the government says Mr. Brown aided and abetted the first one and was the actual robber in the second one, you have to make a decision whether the evidence in the case will support that beyond a reasonable doubt and, or will support the contention that's made by Mr. Brown, that he was not there.
 
 
 9
 And that's simply what your role is this morning, to look at the evidence and see which position it supports.
 
 
 10
 Brown objected to this instruction. On appeal, he argues that the instruction given by the district court constitutes reversible error because the court in effect told the jury that Brown had the burden of proof.
 
 
 11
 The government must prove all elements of a crime beyond a reasonable doubt. In re Winship, 397 U.S. 358, 364 (1970); Frye v. Procunier, 746 F.2d 1011, 1013 (4th Cir.1984), cert. denied, 472 U.S. 1010 (1985). To decide whether a particular jury instruction improperly diminished the government's burden of proving guilt, an appellate court must examine it in the context of the overall charge. Martin v. Ohio, 480 U.S. 228, 234 (1987); Smith v. Bordenkircher, 718 F.2d 1273, 1276 (4th Cir.1983), cert. denied, 466 U.S. 976 (1984).
 
 
 12
 Brown does not refute the government's assertion that the district court gave repeated instructions that the government bore the burden of proof. Accordingly, viewing the challenged instruction in this context, we find that the instruction did not amount to reversible error. See United States v. Zabalaga, 834 F.2d 1062, 1067 (D.C.Cir.1987).
 
 
 13
 B. Denial of Pre-trial Hearing on In-Court Identification
 
 
 14
 Allison Johnson identified Brown as the man who robbed her by picking his photograph out of an array of pictures of eight black men. Brown filed pre-trial motions to suppress the out-of-court photographic identification as impermissibly suggestive and sought to suppress Johnson's in-court identification of Brown, requesting leave to conduct a preliminary voir dire examination of her to decide whether her identification was unreliable. The court allowed a brief pre-trial examination of Johnson concerning the suggestiveness of the photo array, but refused to allow an examination to determine the reliability of her in-court identification. The court then denied Brown's motions to suppress the out-of-court and in-court identifications.
 
 
 15
 On appeal, Brown does not challenge the district court's finding that the photo array was not impermissibly suggestive. He argues, however, that the district court improperly denied his motion to conduct a voir dire examination of Allison Johnson outside the presence of the jury in order to bar her in-court identification of Brown as the July 3 robber. He asserts that her identification was unreliable because she had little opportunity to examine her assailant, who was disguised by sunglasses and a baseball cap.
 
 
 16
 Courts engage in a two-step analysis when a defendant challenges an identification procedure. First, the defendant "must prove that the identification procedure was impermissibly suggestive.... Once this threshold is crossed, the court then must determine whether the identification was nevertheless reliable under the totality of the circumstances." Holdren v. Legursky, 16 F.3d 57, 61 (4th Cir.), cert. denied, 115 S.Ct. 106 (1994). If the court decides that the defendant failed to show that the confrontation procedure was impermissibly suggestive, the inquiry ends. United States v. Bagley, 772 F.2d 482, 492 (9th Cir.1985), cert. denied, 475 U.S. 1023 (1986); cf. Harker v. Maryland, 800 F.2d 437, 444 (4th Cir.1986) (ending analysis after finding photographic array and show-up not impermissibly suggestive). If however, the court finds the identification process impermissibly suggestive, the court then determines whether under the totality of the circumstances, "there is 'a very substantial likelihood of irreparable misidentification.' " Manson v. Brathwaite, 432 U.S. 98, 116 (1977) (quoting Simmons v. United States, 390 U.S. 377, 384 (1986)).
 
 
 17
 The Supreme Court enumerated five factors to be considered in deciding the admissibility of identification testimony. These factors, which determine reliability of the identification, are: " the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation." Manson, 432 U.S. at 114. Because deciding on the reliability of evidence is a function of the jury, the Constitution does not mandate a per se rule that an evidentiary hearing on the admissibility of identification evidence is needed. Watkins v. Sowders, 449 U.S. 341, 347-49 (1981).
 
 
 18
 Brown does not allege that Johnson's in-court identification procedure was impermissibly suggestive. In the absence of an impermissibly suggestive identification procedure, there was no need for the district court to determine the reliability of Johnson's identification of Brown. Moreover, even if the identification procedure was impermissibly suggestive, under Watkins, no pretrial hearing was necessary to conduct the reliability analysis of the identification.* Instead, the weight and trustworthiness of Johnson's in-court identification testimony properly was left to the jury, and the district court did not abuse its discretion by denying Brown an evidentiary hearing on the reliability of this identification. See Davenport, 753 F.2d at 1462 (reviewing under abuse of discretion standard court's decision not to hold hearing on reliability of identification).
 
 C. Ineffective Assistance of Counsel
 
 19
 Brown's final argument is that he was denied effective assistance of counsel because, over his objections, his attorney failed to call a handwriting expert to testify that Curtis--not Brown--had written the June 6 demand note. The attorney's decision not to call the witness was based on trial strategy. Had the expert been called to testify, the government was prepared to rebut the testimony with that of its own expert witness.
 
 
 20
 In this Circuit, "a claim of ineffective assistance should be raised in a 28 U.S.C. Sec. 2255 [ (1988) ] motion in the district court rather than on direct appeal, unless the record conclusively shows ineffective assistance." United States v. Williams, 977 F.2d 866, 871 (4th Cir.1992) (citing United States v. Percy, 765 F.2d 1199, 1205 (4th Cir.1985)), cert. denied, 61 U.S.L.W. 3583 (U.S.1993). Here, the record does not conclusively show that Brown was denied effective assistance of counsel. See Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir.1977) (courts are reluctant to second guess tactics of trial lawyers). Therefore, we do not consider the ineffectiveness issue.
 
 
 21
 The conviction is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Brown points out that circuits other than the Fourth Circuit allow pretrial hearings on the reliability of identifications. See e.g. United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir.1985) (although hearing on admissibility of identification evidence often advisable, no abuse of discretion in denying motion for such a hearing)