A02A0138. THE STATE v. PINCKNEY et al.

(566 SE2d 325)

SMITH, Presiding Judge.

In this appeal in a prosecution for violation of the Georgia Controlled Substances Act, we must consider the effect of a police officer's failure to maintain certification under the Georgia Peace Officer Standards and Training (POST) statute. Appellees Anthro Pinckney and Stephanie Stewart obtained an order from the trial court suppressing the contraband found in a search of Pinckney's vehicle.[1] They successfully argued to the trial court that one arresting officer's failure to maintain current POST credentials rendered their arrests and the subsequent search of Pinckney's automobile invalid. We disagree and reverse.

The parties stipulated that Greene County Sheriff's Deputy Daryl Watts, who signed the incident report and two of the three arrest warrants, had failed to complete his training hours for POST certification, although he was not notified that his arrest powers were suspended until after this incident. During the evening of November 15, 1999, Watts and Greene County Sheriff's Deputy Roland were in Watts's patrol car and operating a radar installation on a bridge over Interstate 20. They clocked a gold or brown Honda

---

[1] Darren Dixon was a passenger in Pinckney's vehicle and was arrested at the same time, but he is not a party to this appeal.

Accord traveling 86 mph in a 70-mph zone and stopped the vehicle. Roland filled out the paperwork and wrote the ticket while Watts spoke with the driver of the car, identified as Pinckney. Watts obtained verbal consent to search the car and did so while Roland conversed with Pinckney. During that search, Watts detected a strong odor of marijuana in the rear seat and lowered the armrest. He then smelled a "stronger odor" of marijuana and observed a black trash bag behind the armrest in the trunk area. Upon tearing a small hole in the bag, he observed what he believed to be marijuana inside the bag. He then instructed Deputy Roland to handcuff the driver and passengers.

In ruling on the motion to suppress, the trial court placed great emphasis on the degree to which Deputy Roland, who was properly certified, participated in the arrest. Although Roland was equal in rank to Watts, was present throughout the arrest, prepared the paperwork, and took Pinckney into custody, the trial court concluded that he was acting under the direction of Watts throughout, which rendered the arrest improper despite Roland's valid certification. The question of whether the presence of another officer authorizes an arrest by an officer without POST certification has not been directly addressed by this court. But we need not reach this issue, because the trial court erred in failing to consider whether Watts's arrest was effective as a valid citizen's arrest, despite his lack of POST certification.

OCGA § 35-8-17 (a) provides: "Any peace officer so employed who does not comply with this chapter shall not be authorized to exercise the powers of a law enforcement officer generally and particularly shall not be authorized to exercise the power of arrest." The earlier version of this Code section, Ga. Code Ann. § 92A-2115, varied significantly in its wording. It provided: "Any Peace Officer so employed who does not comply with the provisions of this Act shall not be authorized to exercise the powers of law enforcement officers, generally, and particularly shall not be authorized to exercise the power of arrest, *and any arrest so made shall be deemed illegal, and any proceeding under it null and void.*" (Emphasis supplied.) See *Rogers v. State*, 133 Ga. App. 513 (211 SE2d 373) (1974) (criticizing broad language in Code section).[2] It is presumed that, in changing the language of this Code section to delete this reference, the legislature intended to remove this consequence of the law. *Ga. Mental Health Institute v. Brady*, 263 Ga. 591, 592-593 (2) (a) (436 SE2d 219) (1993). The legislature therefore did not intend that any arrest made by such an officer would be illegal, null, or void. The trial court therefore

---

[2] Ga. L. 1977, p. 1180, § 3 reenacted this Code section and omitted this language.

erred in concluding that Watts's lack of POST certification rendered the arrest illegal.

> Failure to comply with the Act renders the arrest unauthorized. However, such a characterization of an arrest as unauthorized is not equivalent to a determination, nor even necessarily implies, that the arrest is illegal. Instead, the non-complying peace officer is thereby relegated to the status of a private citizen who is also authorized to effect an arrest under certain circumstances.

(Citations and punctuation omitted.) *Williams v. State*, 171 Ga. App. 807, 809 (1) (321 SE2d 386) (1984).

> OCGA § 17-4-60 provides, in pertinent part, that a private citizen may arrest an offender "if the offense is committed in his presence or within his immediate knowledge." It does not distinguish between misdemeanor and felony offenses. The term "within his immediate knowledge" enables a private citizen to use any of his senses to obtain knowledge that an offense is being committed. A private citizen is not required to actually be present when a misdemeanor offense occurs.

(Footnotes and emphasis omitted.) *Merneigh v. State*, 242 Ga. App. 735, 739 (4) (531 SE2d 152) (2000).

Here, both officers observed Pinckney committing the misdemeanor offense of speeding, OCGA § 40-6-181 (b) (2). *Gregg v. State*, 253 Ga. App. 243, 244 (2) (a) (558 SE2d 729) (2001). Upon stopping Pinckney's car and obtaining permission to search, Watts discovered a large quantity of marijuana and was authorized to arrest Pinckney for the felony offense committed in his presence and within his immediate knowledge. "Even if the consent [had not been] given, the misdemeanor committed in the officer's presence authorized the search. [Cits.]" *Exposito v. State*, 191 Ga. App. 761, 763 (1) (382 SE2d 412) (1989). The trial court therefore erred in granting the motion to suppress.

*Judgment reversed. Eldridge and Ellington, JJ., concur.*

DECIDED MAY 22, 2002 —
RECONSIDERATION DENIED JUNE 10, 2002 — ▮▮▮▮▮▮▮▮▮

*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney*, for appellant.
*Guy J. Notte*, for appellees.