STATE OF WEST VIRGINIA

*v.*

JAMES ALEXANDER

(No. 13831)

*and*

STATE OF WEST VIRGINIA

*v.*

PERCY JOHNSON

(No. 13832)

Decided July 11, 1978.

*Michael F. Gibson, Johnston, Holroyd & Gibson* for Alexander.

*William J. Akers* for Johnson.

*Chauncey H. Browning*, Attorney General, *David F. Greene*, Assistant Attorney General, for State of W. Va.

HARSHBARGER, JUSTICE:

The defendants, James Alexander and Percy Johnson, were jointly tried and both found guilty of armed robbery by a Mercer County Circuit Court jury, and each was sentenced to twenty years in the penitentiary.

The record indicates that defendants and a third person, James Moon, robbed the Phillips IGA Store in Bluefield, Mercer County, West Virginia in January of 1973. Alexander obtained money from one of the cashiers at the store by putting a knife to her throat while Johnson extracted funds from a second cashier. Approximately $1340 was taken during the robbery.

Walter Toppins, the owner of a service station in Wayne County, some miles from Bluefield, testified that defendants and Moon drove an automobile into his service station in the early morning of the day next following the robbery. The car had a flat tire. The three men had difficulty getting into the trunk to repair the tire because they had no key to the trunk lock, and they bought gasoline but had to pry the locked gas cap off because they had no key to it either. He also noticed that the car had no keys in the ignition, which had been "wired over".

When the three had trouble getting the car started, Mr. Toppins, who was carrying a .357 magnum revolver as he always did when persons entered the premises of his gas station after hours, persuaded the trio to allow him to push them in their car, with his truck, to the local state police barracks. There Toppins left them. The police ran a check on the car, found that it had been stolen in Bluefield the previous day, and then searched the defendants and Moon. They found a knife on Alexander and approximately $1260 in a paper bag on the front seat of the car.

The three men were arrested and returned to Mercer County. At trial defendants Alexander and Johnson

claimed they had been in Williamson, West Virginia at about the time the robbery took place in Bluefield.

Defendants claim two errors were committed by the trial court: (1) It refused to grant defendants a trial in the same term of court in which they were indicted, and (2) It gave State's Instruction No. 5, an instruction that informed the jury that defendants had the burden of proving their alibi defense.

I

Defendants allege generally that they were denied their constitutional right to a speedy trial as guaranteed by the United States Constitution and the West Virginia Constitution;[1] and, in particular, were denied the statutory right to a trial within the same term of court in which they were indicted.

*W.Va. Code*, 62-3-1, provides in part:

"When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, *unless good cause be shown for a continuance, be tried at the same term.*" (Emphasis added.)

The question is whether there was "good cause" as contemplated by the statute for the continuance. The granting or denial of a motion for continuance by either party rests in the sound discretion of the trial court and refusal to grant such continuance constitutes reversible error only where the discretion is abused. *State v. Milam*, ___ W. Va.___, 226 S.E.2d 433 (1976); *State v. Chaf-*

---

[1] The Sixth Amemdment to the U. S. Constitution provides, "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...."

Art. 3, § 14 of the West Virginia Constitution states, "Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay. ...

*See, Klopfer v. North Carolina*, 386 U.S. 213 (1967), imposing the federal right upon the states.

*fin*, 156 W. Va. 264, 192 S.E. 2d 728 (1972); *State v. Simmons*, 130 W. Va. 33, 42 S.E.2d 827 (1947); *State v. Jones* 84 W. Va. 85, 99 S.E. 271 (1919); *State v. Alie*, 82 W. Va. 601, 96 S.E. 1011 (1918).

West Virginia follows the minority rule that the duty is upon the prosecution to provide a prompt trial rather than upon the accused to demand a speedy trial. *State ex rel. Farley v. Kramer*, 153 W. Va. 159, 169 S.E.2d 106 (1969). However, the right to a speedy trial is not violated by unavoidable delays nor by delays caused by defendants. *State v. Hollars*, 266 N. C. 45, 145 S.E.2d 309 (1965). *See also*, 22 A C.J.S. Criminal Law, § 467(4) and § 471.

The defendants contend that it was not their filing of motions that caused the delay in this case, but the "prosecution's inexplicable and unjustifiable inability to proceed to trial after the adjudication of a motion to suppress in favor of the State."

Defendants moved to suppress certain testimony of witnesses who were present at a lineup. The motion was made on April 20 and filed with the court on May 10, the date the suppression hearing commenced. At the hearing, defense counsel moved for a continuance until five defense witnesses who were not present could be located. Counsel testified that he had known of the May 10 hearing date for "something like a week or ten days" but had not issued the subpoenas until late afternoon on May 8, causing the subpoenas to go out on the morning of May 9. Defense counsel's reason for the delay is shown by the following testimony:

"Q And the subpoenas went out on Wednesday morning, that is yesterday.

A That's correct.

Q Do you think that is timely?

A Yes, I do.

Q You do. You have known this long and—

A   Well, some of the witnesses in this case are generally always around, and I felt like this was timely.

Q   In other words, it was your error they didn't go out in time?

A   That's correct.

Q   Because you thought they would be here anyway.

A   Correct."

The state then proceeded to present its evidence and May 22 was set as the date to complete the hearing, allowing defendants time to get their witnesses. At the conclusion of the hearing on the twenty-second, the State indicated that it could not prepare its case for trial that term.

. . . .

"MR. KNIGHT: It is impossible for the state, since the lateness of these hearings, to be in a position to go to trial in this term, and we now request that this case be set for the 16th day of July and at that time set it for a trial date."

. . . .

Because of defense counsel's delay in issuing subpoenas, the suppression hearing had to be continued and because of the continuance, the State was not able to prepare its main case for trial before the court term ended. The trial court certainly did not abuse its discretion when it granted the continuance, nor improperly deprive defendants of a quick trial.[2]

## II

State's Instruction No. 5 was given, as follows:

The Court instructs the jury that where the state has established a prime facie case and the

_____

[2] The Attorney General's brief in the *Johnson* case states that there were 177 cases called on July 16 for the new term of court, including 85 felonies, and that the present case was the first felony heard during the new term. The date of the trial was August 7.

defendants rely upon the defense of alibi, the burden is upon them to prove it, not beyond a reasonable doubt, nor by a preponderance of the evidence, but by such evidence, and to such a degree of certainty, as will, when the whole evidence is considered, create and leave in the mind of the jury a reasonable doubt as to the guilt of the accused.

Petitioners say that the instruction shifted an affirmative burden of proof to them. Alibi is an affirmative defense but does not relieve the prosecution of proving beyond a reasonable doubt the actual presence of the accused at the time and place of the commission of the crime when personal presence is essential thereto. *State v. Peterson*, 132 W. Va. 99, 51 S.E.2d 78 (1948); *State v. Aliff*, 122 W. Va. 16, 7 S.E.2d 27 (1940); *State v. Friend*, 100 W. Va. 180, 130 S.E. 102 (1925); *State v. Winans*, 100 W. Va. 418, 130 S.E. 607 (1925); *State v. Lowry*, 42 W. Va. 205, 24 S.E. 561 (1896).

In *State v. Pendry*, ___ W. Va.___, 227 S.E.2d 210 (1976), we held that the alibi defense is not invalidated by *Mullaney v. Wilbur*, 421 U.S. 684 (1975)[3] so long as the State is not relieved of the ultimate burden of proving beyond a reasonable doubt every material element of the crime, including of course that defendants committed it, which, in an armed robbery case, nearly always involves defendants' presence at the scene when the event occurred. The Court said:

> ... When ... [a defendant] ... elects to take advantage of any authorized defense under the law of this State, he may be required to car-

[3] *Mullaney* involved the validity of a statute of the State of Maine which required a defendant charged with murder, which upon conviction carried a mandatory life sentence, to prove that he acted in the heat of passion, on sudden provocation, without express or implied malice aforethought, in order to reduce the homicide to manslaughter. The U.S. Supreme Court held that the "Due Process Clause requires the prosecution to prove beyond a reasonable doubt the absence of the heat of passion on sudden provocation when the issue is properly presented in a homicide case." 421 U.S. at 704.

ry a burden of going forward with the evidence and carrying a burden of persuasion to a degree not greater than by a preponderance of the evidence. The State is entitled to define the burden which he must carry if his particular defense is to be sustained, provided that this does not lessen the burden of the State to prove every material element of the crime beyond a reasonable doubt.

227 S.E.2d at 221.

If the state puts on proof that a defendant committed an act at X place, and defendant introduces evidence that he could not have done so because he was at Y place, then the court may properly instruct the jury, as was done here, that defendant had a burden to prove his defense sufficiently to create a reasonable doubt.

Finding no error, we affirm.

*Affirmed.*