Phillip Reese BUSH, Petitioner–Appellee,

v.

Carl LEGURSKY, Warden,
Respondent–Appellant.

No. 91–7663.

United States Court of Appeals,
Fourth Circuit.

Argued March 5, 1992.

Decided June 10, 1992.

Teresa Abigail Tarr, Asst. Atty. Gen. (Mario J. Palumbo, Atty. Gen., on brief), Charleston, W.Va., for respondent-appellant.

Jeffrey W. Shaw, Third Year Law Student (Harold J. Krent, Roger C. Diseker, Mary E. Healy, Mark F. Mendelsohn, on brief), Post Conviction Assistance Project, University of Virginia School of Law, Charlottesville, Va., for petitioner-appellee.

Before HALL and LUTTIG, Circuit Judges, and BLATT, Senior United States District Judge for the District of South Carolina, sitting by designation.

## OPINION

K.K. HALL, Circuit Judge:

The warden of the West Virginia Penitentiary appeals an order of the district court granting appellee Phillip Bush's petition for a writ of habeas corpus. We reverse and remand.

### I.

This case returns us once more to the saga of West Virginia's so called *Alexander*[1] alibi instruction.

Bush was charged with the homicide of two persons in Fairmont, West Virginia, in 1982. After a jury trial, he was convicted of two counts of first-degree murder. His defense was alibi. He offered a jury instruction on alibi, which the court refused. He did not, however, object to the alibi instruction that was given.

Bush's petition for appeal from his conviction was denied by the state Supreme Court of Appeals in January, 1984. He did not challenge the constitutionality of the alibi instruction in this petition for appeal.

On September 29, 1986, Bush filed a habeas corpus petition in state trial court. He amended his petition three times; in the final version, he added a claim for relief based on the unconstitutionality of the alibi instruction given at his trial. On October 13, 1988, the state court issued an exhaustive opinion denying the petition. The court stated that

> the defendant did not object to the Court's proposed jury instruction concerning the alibi defense and waived any error in relation thereto for habeas corpus purposes.

> The Court also concludes that a review of the trial court's instruction on alibi did not shift the burden to the defendant. Although decided *after* the petitioner's trial, the Court concludes that the instruction comports with the decision of *State v. Kopa,* [173 W.Va. 43, 311 S.E.2d 412 (1983)].

On October 11, 1989, Bush petitioned for appeal in the West Virginia Supreme Court of Appeals. That court summarily denied the petition for appeal on December 5, 1989, through a form order stating no reasons for the denial.

■ On January 4, 1990, Bush filed this petition for a writ of habeas corpus in district court pursuant to 28 U.S.C. § 2254. The case was referred to a magistrate. The warden filed a motion to dismiss or for summary judgment, in which he relied on Bush's procedural default on the alibi instruction claim. On May 24, 1991, the magistrate issued proposed findings of fact and a recommended disposition. The magistrate stated that he found an evidentiary hearing unnecessary. He recommended that the petition be granted because the alibi instruction given at trial improperly shifted the burden of proof to the defendant.[2] The warden objected to the report-

---

1. *State v. Alexander,* 161 W.Va. 776, 245 S.E.2d 633 (1978), *overruled, State v. Kopa,* 173 W.Va. 43, 311 S.E.2d 412 (1983).

2. The challenged instruction states:

> You are instructed that it is the law of the State of West Virginia that once there is sufficient evidence to create in your minds a reasonable doubt that Phillip Reese Bush was present at the time when or at the place

recommendation, renewing his reliance on procedural default, but the district court adopted the proposed disposition on July 19, 1991. The warden appeals.

## II.

### A.

■ Notwithstanding a violation of the federal constitution, a federal court should ordinarily deny a state prisoner a writ of habeas corpus if the denial of habeas relief by the state courts rests on an "adequate and independent state ground." See generally *Coleman v. Thompson*, —— U.S. ——, 111 S.Ct. 2546, 2553–2554, 115 L.Ed.2d 640 (1991). The defendant's failure to make a contemporaneous objection to the constitutional violation can be an "adequate and independent state ground," *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), so long as the state "regularly or consistently applie[s]" a contemporaneous objection rule to bar consideration of errors on direct appeal. *Johnson v. Mississippi*, 486 U.S. 578, 108 S.Ct. 1981, 100 L.Ed.2d 575 (1988).

The warden argues that Bush's failure to object to the alibi instruction given at his trial provides an adequate and independent state ground to support the state courts' judgment. Bush argues a variety of theories to circumvent the procedural bar.

where he was alleged to have committed the offenses charged in the indictment, then the State has the burden of proving to you beyond a reasonable doubt that he was present at the time when and at the place where the offenses were committed;....

Bush argues that this instruction places an initial burden of proof on the defendant, and unless the defendant satisfies his burden, the state's burden of proof is not invoked. Because alibi is not an "affirmative" defense, some proof of which may constitutionally be required from the accused, but simply an evidentiary vehicle to rebut the state's essential proof, this court ruled that a similar instruction from West Virginia was unconstitutional in *Adkins v. Bordenkircher*, 674 F.2d 279 (4th Cir.), *cert. denied*, 459 U.S. 853, 103 S.Ct. 119, 74 L.Ed.2d 104 (1982). In *Acord v. Hedrick*, consolidated for en banc consideration with *Meadows v. Legursky*, 904 F.2d 903 (4th Cir.), *cert. denied*, —— U.S. ——,

### B.

Bush contends that the contemporaneous objection bar is not "adequate" because West Virginia does not apply it consistently, or at least did not apply it consistently at the time of his March, 1983, trial. This argument is directly precluded by *Meadows v. Legursky*, 904 F.2d at 906–907, where we held that the West Virginia courts had consistently applied a contemporaneous objection rule up to at least June, 1983 (the date of the trial at issue in that case).[3]

### C.

■ Next, Bush asserts that the West Virginia Supreme Court of Appeals, as the last state court addressing his case, did not expressly state that it relied on a procedural bar in denying his petition for review. The magistrate relied on this rationale in making his recommendation that the lack of a contemporaneous objection did not procedurally bar habeas relief. The magistrate cited language in *Harris v. Reed*, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989), that requires an "express" reliance on a procedural bar by the last state court rendering judgment, and concluded that an unexplained denial of a petition for review falls short of that standard. Shortly after the magistrate's report, however, the Supreme Court decided *Ylst v. Nunnemaker*, —— U.S. ——, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991), which is squarely on point and directly rejects the magistrate's reasoning.

111 S.Ct. 523, 112 L.Ed.2d 534 (1990), we overruled *Adkins* insofar as it held that West Virginia's contemporaneous objection rule was not an "adequate and independent state ground"; however, *Adkins* is controlling circuit precedent on the constitutionality of the burden-shifting alibi instruction.

The warden argues that the instructions in Bush's case, as a whole, stated the law accurately, and differed enough from the *Adkins* instruction to survive due process scrutiny. Because we find that denial of habeas relief rests on an adequate and independent state ground, we will not address the constitutional issue.

**3.** The magistrate's report-recommendation cites the *Meadows* dissent for the proposition that West Virginia does not consistently apply its contemporaneous objection rule. The magistrate did not attempt to distinguish the contrary holding of the majority opinion.

The Court explained how summary orders from state appellate courts should be considered (111 S.Ct. at 2594):

> [Federal courts should apply] the following presumption: where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground.... [W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.

Therefore, under *Ylst*, the magistrate and district court should have looked to the trial court's reasoned decision, and not the Supreme Court's unexplained order, to see if the state courts expressly relied on a procedural default. The lower court most definitely and expressly did.[4]

### D.

 Finally, Bush seizes upon some dicta in the magistrate's opinion that seems to express doubt about the state court's finding that he failed to object to the alibi instruction. Findings of fact by state courts are entitled to a presumption of correctness on collateral review. *Miller v. Fenton*, 474 U.S. 104, 106 S.Ct. 445, 88 L.Ed.2d 405 (1985).

 In any event, Bush does not argue that he objected to the giving of the alibi instruction; rather, he argues that by proffering his own alibi instruction, which was refused as redundant, he preserved the issue. We believe that Bush has misstated West Virginia law. Objecting to the refusal to give an instruction is not an objection to the giving of instructions on the same subject. See W.Va.R.Crim.Pr. 30 ("No party may assign as error the giving *or* the refusal to give an instruction ... unless he objects thereto before the arguments to the jury are begun...." (emphasis added)). In any event, the state courts have decided that the state's contemporaneous objection rule bars relief on the facts of this case, and their "considered conclusion" is entitled to "great weight" from the federal courts. *Fenton*, 474 U.S. at 112, 106 S.Ct. at 450. We do not sit as the Super-Supreme Court of West Virginia, and we will not lightly advise the state courts that they have misinterpreted their own law.

We reverse, because the state courts' denial of Bush's petition for habeas relief rests on an adequate and independent state ground.

### III.

There were other grounds raised in Bush's habeas petition. The magistrate and district court did not address them, because only one ground is necessary to grant the writ. Therefore, we remand the case so that Bush's remaining claims may be considered.

The judgment is reversed, and the case is remanded for further proceedings in accordance with this opinion.

**REVERSED AND REMANDED.**

---

4. The state court's additional opinion that the alibi instruction was constitutional under *State v. Kopa* does not alter the analysis. A state ground to deny habeas relief need only be "independent" and "adequate"; it need not be exclusive.

[A] state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. See *Fox Film Corp. v. Muller*, 296 U.S. 207, 210, 56 S.Ct. 183, 184, 80 L.Ed. 158 (1935). Thus, by applying this doctrine to habeas cases, *Sykes* curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

*Harris v. Reed*, 489 U.S. at 264 n. 10, 109 S.Ct. at 1044 n. 10.